### STATE of Maine,

v.

### Jerry MAGOON.

Supreme Judicial Court of Maine.

Submitted on briefs Oct. 4, 1994.
Decided Nov. 15, 1994.

Julia Sheridan, Asst. Dist. Atty., Portland, for the state.

Jeffrey Langholtz, Biddeford, for defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

Defendant Jerry Magoon appeals from his jury conviction in the Superior Court (Cumberland County, *Fritzsche, J.*) for tampering with a witness, 17–A M.R.S.A. § 454 (Supp. 1993). Defendant argues that the State's closing argument contained improper reference to facts not in evidence and improper assertions of personal opinion and that therefore the Superior Court's denial of his motion for a mistrial is reversible error. We find no error and affirm the judgment.

Defendant was charged with one count of tampering with a witness, 17–A M.R.S.A. § 454 (Supp.1993), and one count of assault, 17–A M.R.S.A. § 207 (1983). The evidence at trial showed that on September 21, 1991, defendant threatened Wendell Price in an effort to prevent Price from testifying in an upcoming criminal proceeding. Edward A. Simmons, manager of Ricky's bar, testified at trial that he witnessed the confrontation between Price and defendant, who was accompanied by Eddie Buzzell, and that he did not see defendant hit Price. On cross-examination, defendant attempted to impeach Simmons's testimony by pointing out that Simmons had made prior inconsistent statements indicating that he had seen defendant hit Price and that Buzzell had not been present during the confrontation. On re-direct Simmons acknowledged that his prior statements were inconsistent with his testimony but he reiterated that he had not seen defendant hit Price. During closing argument, the State mischaracterized Simmons as owner, rather than manager, of the bar and offered the explanation that Simmons changed his testi-

mony in order to avoid difficulty in the future with his liquor license. After the State's closing, defendant moved for a mistrial. The court denied the motion. Defendant did not request a curative instruction. Defendant was acquitted of the charge of assault and found guilty of the charge of tampering with a witness.

First, defendant asserts that he is entitled a new trial because the State mischaracterized Simmons as owner of the bar. This claim is reviewed under the obvious error standard because no objection was made at the trial. Obvious error exists only when the error complained of is so highly prejudicial and so taints the proceedings as to virtually deprive the defendant of a fair trial. *State v. True*, 438 A.2d 460, 468 (Me. 1981). The Superior Court's refusal to grant a mistrial based upon such a mischaracterization could hardly be said to be so highly prejudicial as to virtually deprive the defendant of a fair trial. *State v. True*, 438 A.2d at 468.

Defendant takes nothing from any error in the trial court's response to the State's argument that Simmons was motivated to testify falsely by concern for his liquor license. The testimony of Simmons at trial that he did not see Magoon strike Price outside the bar, which was contrary to his pretrial statement, related to the assault charge. The State's attempt in its argument to impeach Simmons with the reference to the liquor licensing process related to this altered version of the assault. That impeachment was unsuccessful. Magoon was acquitted on the assault charge. Hence, the trial court's approval of the State's argument was, at most, harmless error.

The entry is:

Judgment affirmed.

All concurring.